MURDOCK, Justice
(concurring specially).
I concur in the main opinion, as well as in Justice Shaw’s special writing regarding consequential and incidental damages. For its part, the main opinion holds that it is not necessary for a purchaser making a warranty claim under the Uniform Commercial Code to present expert testimony or other evidence to explain the specific defect giving rise to a warranty claim and that “[i]t is sufficient if, as here, the evidence shows, either directly or by permissible inference, that the 495ML loader was defective in its performance or function or that it otherwise failed to conform to the warranty.” 167 So.3d at 310. I agree with this statement in the context presented here, where the evidence of a failure is coupled with evidence upon which a jury could find that the purchaser properly maintained and used the product or that any deficiency in the maintenance or use was not the cause of the failure of the product. Were we to hold otherwise based on Ex parte Miller, 693 So.2d 1372, 1376 (Ala.1997), as Barko Hydraulics, LLC, urges, then it appears to me that we would have to ignore the logical inference possible in a case in which a jury is presented with substantial evidence showing no lack of proper maintenance or use of the product that could have caused its failure and place too much weight on the discussion by Miller as to cases that might involve warranties against “defects in materials and workmanship,” which Miller did not.